Our next case for argument this morning is Thiel v. Illinois State University. Mr. Stephen. Good morning, Your Honors. You will be better heard with no mask. It's more comfortable to, Your Honor. Thank you. May it please the Court, my name is Ryan Stephan and I represent the plaintiff appellants, Illinois State University students, Bailey Thiel and Jack Moylan. The primary issue on appeal is whether plaintiffs have sufficiently pled the cognizable property interest under the due process in taking clauses sufficient to maintain a cause of action. Let's assume they have. Where does that get them? What kind of hearing do you think would be appropriate or constitutionally required? Well, we would be seeking a verdict or a judgment against the individual defense. No, what kind of hearing? Due process clause is about process, that is about notice and an opportunity for a hearing. What kind of hearing would the university have held given that the university couldn't defy the governor's order? Sure. The type of hearing that the university could have held would have been on the nature of the mandatory fees, what they were being used for, the fund, that notice, that attempt to challenge that decision. Challenge what decision? How could the university challenge the governor's decision? Look, I understand perfectly well that you have what may be a good claim for breach of contract, but it's pretty well established that you can't sue under the due process clause for breach of contract. What you can sue for is a hearing, and I'm having a lot of trouble understanding what kind of hearing the university might have held student by student. Well, we're not challenging the decision to go remote or to send students home. What we're challenging here- That's the decision, right? That's the claim you're entitled to a particular remedy for the established breach of contract. Well, that makes this a breach of contract suit, which one would think belongs in state court in the absence of diversity of citizenship and in the absence of $75,000 per person amount in controversy. Judge, our position is that plaintiff's constitutional claims are a proper avenue to the same sought-after relief of a breach of contract claim, just compensation for the taking of plaintiff's property, which we allege here is a mandatory fee. Well, look, the university cited Mid-American Waste Systems, which holds that you cannot use the due process clause to enforce a contract substantively, and I notice that you haven't attempted to analyze that case. This is your opportunity. Thank you, Your Honor. Our position is that the nature of the student and university relationship is contractual in nature and that the student may establish the existence of an applied contract- No, look, please address my question. Mid-American Waste Systems says that you cannot use the due process clause to enforce a contract substantively. There are actually a lot of other cases holding that. The university relies on that, and you have not so much as mentioned Mid-American Waste. I'm giving you this opportunity to address the holding of that case. Thank you, Your Honor. What I would say is that we have alleged that there's a cognizable property- You cannot say in response to a request to address a legal holding that we have alleged something. You have to discuss the meaning of the case. Yes, Your Honor. I guess at this point in time, I have no further response on the Mid-America case other than what we're seeking here is not a breach of contract. What we were seeking here is damages under the due process clause. At the district court level, Your Honor, the seminal issue was whether the plaintiffs have sufficiently alleged that in exchange for the payment of their mandatory fee, the university promised to make certain enumerated facilities, programs, and services available and accessible. And second, plaintiffs have sufficiently alleged that the mandatory fees paid to defendants remain their property unless and until the defendants spent the mandatory fees on their intended purpose as promised. In other words, our position is that the defendants were enlisted as custodians of plaintiff's property. So for purposes of the takings claim, is the property the fee? What's the property that was taken? The property is the fee, Your Honor. The university, and we cite to this, has materials, specifically agency fund materials, that hold that fee as a custodian for the students until it's spent on the promised reasons, which was the programs, services, and facilities promised. Right, and so the thing that throws me off a little bit that maybe you can help me with is when you cast that in terms of they were holding it as a custodian, they breached a promise, it sounds to me, in keeping with Judge Easterbrook's observations, it sounds like you're talking about a breach of contract to me, or universities being unjustly enriched because they shorted the refund or something like that. It's difficult for me to then, are you saying as a legal matter that they have a property interest in their contractual right? We are, and that's what we're saying. We're saying that the breach of contract leads to this and your problem is Mid-American waste, which you seem unwilling to discuss. We have a whole series of similar cases, most recently linear against University Park, none of which is mentioned in your briefs. I can see this as a perfectly good contract case in state court, but that's not where you are. I have another question. Yes, your honor. How do you think the university can be ordered to pay damages in federal court? So far as I can tell, the university is part of the state of Illinois. Is that agreed? It is. Well, the Supreme Court held in will against Michigan Department of State Police that a state and its agencies are not persons for purposes of 1983 and therefore can't be sued in federal court for violations of the constitution. Do you have a response to that? Yes, your honor. As set forth in our briefs, we're not seeking damages against the state. If you're not seeking damages, I don't understand what the remedy is. We're seeking damages against the individual defendants, Larry Dietz and Annette Jones, in their individual capacity. In their individual capacity. That's correct. And what would the theory be that if the principal violates a contract, the agents are personally liable? We are asserting, and as we've alleged in our complaint, that Dietz and Jones were personally responsible. They were the ones that directed the actions. This is a matter of contract law. Jones and Smith agree to a contract. Smith acts through an agent, Green. Smith breaches the contract. Can you get damages against Green, the agent? Not under a breach of contract claim? No, not under state law and not under any federal law, I know of. We believe we can properly assert those under the due process. And what case would you rely on for the proposition that if a principal breaches a contract, the Constitution entitles you to damages against an agent? What we've referenced in our response is the Hafer v. Mello case, which is that state officials sued in their individual capacities for purposes for Section 1983. No, I'm asking a concrete question about the theory of liability, not whether individual capacity suits are proper, but whether if a principal breaches a contract, the Constitution of the United States entitles you to damages against an agent of the principal. What do you rely on for that proposition? We don't have a case to rely on for that proposition. No, and I don't think there is one. But maybe I'm wrong about that. That's why I was hoping you might supply one. Yes, Your Honor. I think the distinction is that we are seeking damages against the individual defendants in their individual capacity, not the state. We understand that the... You're not addressing my question. I'm trying to, Your Honor. So one of the difficulties I have with the way you plead it, I think I get the way you plead it. There may be a legal deficient. But as a factual matter, Julianette Jones was the board chair, right? She was. Okay. In your brief, footnote four on page 15, you got it there? I don't, Your Honor. All right. Well, let me describe it. You'll remember it. Okay. You addressed this point that we name these people in their individual capacities and we've pled that they were involved in this. And then you cite a whole bunch of specific portions of the first amended complaint. Okay. When I traced each one of those citations, I can see how you get there as to President Dietz. He sent the email, right? You know what I'm talking about? I do. Okay. I don't see how you get there on Jones. I don't. I followed every one of the citations through. And I don't see individual involvement at all. You use the defendants plural, but I'm not so sure that gets you there. Can you help me with that? Yes, Your Honor. We acknowledge that the factual allegation against Larry Dietz, the CEO of the university, are stronger than those against Annette Jones. Okay. But I don't see anything individually with Jones. Jones is no question she's the board chair. Everyone agrees on that. But she's got to be individually involved in this, doesn't she? She was not as directly involved as Larry Dietz was. Okay. But she's directly involved at all? Judge, you know, we're at the pleading stage on this one. And one of the things that we asked for was leave to amend, which interestingly, the court denied or dismissed our case without leave to amend our complaint. But as we sit here today, the claims against Dietz are stronger. The record against Annette Jones, we believe is more properly suited after discovery, after we're able to further investigate those claims. What was your good faith belief that this particular administrator might have been involved or responsible for the fee setting or responsible for things like the implementation of the mandatory fee, decisions related to that fee? So that individual has some sort of fiscal responsibility because of the position? What we allege is that both defendants have a fiduciary responsibility based on the agency fund, which is at the university, hold those mandatory fees until they are spent for the promised purposes, which was the facilities, services, and programs, which undisputedly were not provided after March 11th, 2020. It's okay with the court. I'll reserve my remaining two minutes. Thank you. Certainly counsel. Ms. Fordyce. Thank you, your honors. May it please the court, my name is Tiffany Fordyce, and I'm here to represent the remaining defendants, Larry Dietz and Juliet Annette Jones. Your honors, this case is nothing more than a dressed up breach of contract action, and there are not sufficient allegations, nor can any amendments cure the fact that allegations cannot be made to support a constitutional violation claim. As Judge Easterbrook noted, in mid American West systems versus city of Gary, this court directly dealt with the issue of when a commercial contract would set really at its base, a commercial contract can give rise to a constitutional violation, and this court held that it can't. Numerous courts have held as much, including the Supreme Court and Manila Investment Company versus Trammell. And although ISU appreciates that these decisions are not binding, the only courts around the country that have specifically addressed the issue of whether or not students are entitled to tuition reimbursement because of COVID, I'm sorry, free reimbursement because of COVID based on a constitutional violation, not a single court has held that there's a constitutional violation. And all of them, at least in part, although did hold that one of the reasons is because you can't dress up a contract, breach of contract claim in a constitutional violation. Now, and that's true as to due process or takings or anything to your knowledge, right? Around the United States? That's correct, your honor. Both of those exact claims have been addressed by various courts around the country in California, Florida, and Arizona. Now, in order to get individual capacity liability, there are some specific issues that have not been pled and ISU submits cannot be pled. One, as your honors pointed out, is direct participation. With respect to defendant Jones, she's mentioned exactly three times in the First Amendment complaint. Once in the caption, once in the introductory paragraph that just lists all the names of the defendants, and once in paragraph 19 of the First Amendment complaint when simply her title is given. And in Harris versus Board of Education of Chicago, the court expressly rejected imposing individual liability based solely on a defendant's title. And that's exactly what we have here. Mr. Deese doesn't bear it much better. Although he is alleged to have sent the letters and the of sending a correspondence isn't enough to establish liability for purposes of surviving a motion to dismiss. In fact, you have to show specific acts or omissions. Now, that can't be pleaded around because qualified immunity also attaches to these individual defendants because of their individual capacity claims alleged against them. Hill versus Schellender, in Hill versus Schellender, this court set out specific criteria by which individual capacity claims can survive. And none of them are going to apply here without the plaintiffs asserting allegations that are diametrically opposite from what they've already asserted in their First Amendment complaint. For example, under Hill versus Schellender, no injunctive relief is available in individual capacity claims. And in fact, that is one of the reliefs that's being requested here. The First Amendment complaint asks that the court enter a permanent injunction restraining defendants from engaging in future unlawful and improper seizures of the student's money. This isn't relief available for these defendants in their individual capacities. Another issue is that when defendants are sued in their individual capacities, the money doesn't come from the entity. The money wouldn't come from ISU or the individuals. And again, that's contradicted by the request for relief for disgorgement. The plaintiffs are alleging that there was an unlawful taking and the student's mandatory fee money is sitting in an account. The party that has the account and controls the account isn't in this case anymore. And there's no way to plead around that issue. Another issue is that for official capacity cases, which we don't have, unlike individual capacity cases, the official policy or custom, that doesn't apply in individual capacity cases. But that's exactly what plaintiffs have alleged here. They allege that the Illinois State University established a policy of only giving back 13% of the mandatory fees, and they want more. That was a policy. And the individual defendants can't be bound by this theory of liability because of the policy that was brought around, is that the personal immunity defense for individual defendants applies when there's an objectively reasonable reliance on existing law. In other words, the constitutional violation at issue has to be beyond debate. And it's not here. There isn't a single case in this country that has held that if a series of university officials maintains money, they're creating a constitutional violation. There's no way that they were unnoticed. And we all just have to kind of remember and put our hindsight hats on to remember that everybody was scrambling back then. Nobody understood that this was some well-established tenant of the law. And that's, again, something they're not going to be able to plead around. In fact, in city and county of San Francisco v. Sheehan, the United States Supreme Court described this as an exacting standard. And several opinions that we cited in the brief address the issue that if you can't find a single case that holds for the constitutional principle at issue, then you can't satisfy that standard of the constitutional issue being beyond debate. Digging in a little bit more to some of these COVID fee cases around the country that rejected a constitutional violation. One that we heavily relied on in our moving papers or a response brief is Brandmeier v. Regents of the University of California. That was a Northern District case out of California. The plaintiffs attempted to distinguish that by saying that the constitutional property or the inability to establish... Any particular reason why we should pay the smallest attention to the Northern District of California? Well, Your Honor, simply just because it's a factually analogous case and there are no others in Illinois. But I appreciate the concern and I'm happy to move on. I would like to address the issue of the fact that the district court did not provide the plaintiff students leave to amend. The standard of review for giving leave to amend is abuse of discretion and the court had wide discretion to not allow the amendment. One critical issue that the court... to do that is reflected in Charleston v. Board of the Trustees of the University of Illinois at Chicago, another 7th District opinion that affirmed the fact that a district court does not have to provide leave to amend if the moving party didn't explain what it was going to do to cure the defect. And that's what happened in the First Amendment complaint and that's what happened in the response to the motion to dismiss. They never explained why or how they could cure these defects that would give them a cognizable claim. Interestingly enough, the most detail that, you know, at least I was able to locate was in their reply brief and their appellate brief. And none of that's going to cure the claim. For example, they did provide additional details with respect to portions of the catalog that they didn't previously cite to in the First Amendment complaint. But none of that created the contract that allegedly forms the basis of the property interest. Another thing that appeared in the complaint is... Oh, they talked about the mandatory fee versus the outreach fee. First of all, we submit that that's an issue that was waived because it wasn't raised in the lower court. But again, there was nothing in that to indicate that there was a specific promise that under the circumstances that existed in 2020, the plaintiffs were allowed to return an additional portion of the mandatory fee. So at bottom, your honors, there is... Well, let me back up for a second. Another critical component of a due process claim is that there's actually a denial of due process. And we don't have that here. In any breach of contract claim, as your honors noted, you're able to go to state court. And in fact, just by way of context, this matter was in state court at one point, and it was in the court of claims at one point. And now we're here. And so there is no... They do have their due process. They have their ability, and ISU isn't contending that they can't go to the court of claims and make all their arguments. But at the end of the day, it's just not a constitutional violation. For all these reasons, unless you all have any more questions and is detailed more fully in our brief, we respectfully request that you affirm the lower court's decision. Thank you, counsel. Anything further, Mr. Steven? Yes, your honor. The court correctly held that we had alleged claims against Larry Dietz and Annette Jones and their individual capacity under color of state law. The court held that the 11th did not bar claims against them. The second element that the court got hung up on was whether or not there was a constitutional deprivation. The elements of both due process and takings clause claims require that a plaintiff plead a cognizable property interest. That is a seminal issue here. It's well established that cognizable property interests are created, and their dimensions are defined by existing independent sources like state law. To demonstrate the property is an entitlement or a valuable right. Precedent establishes here that the basic legal relation between a student and a university is contractual in nature. The student may establish the existence of an implied contract entitling the student to specific rights by pointing to university catalogs, bulletins, circulars, and regulations of the institution. Therefore, a cognizable property interest protected by the due process and takings clause includes implied contracts with public entities like universities. The plaintiffs have alleged exactly that, that the defendants were required to make facilities, services, and programs funded by the mandatory fee available or accessible to plaintiffs. And when we look at the totality of circumstances in this case, when we look at the billing information sheet which specifically lists a mandatory fee and itemizes penny by penny what that fee is supposed to be paid for, down to the penny for the rec center, for health and wellness, for other services and programs. When we look at the fact that the mandatory fee was only was only charged to on-campus students. When we look at the fact that the agency fund requires the university to hold as custodian those fees for the specific purpose they were enumerated, we find that the plaintiffs have properly recognized the cognizable property interest here. We believe the court applied the wrong standard. The court made fact determinations without the benefit of discovery at the pleading stage and also deprived the plaintiffs of an opportunity to amend, effectively finding there was no set of circumstances. With regard to the opportunity to amend, did you in any way inform the district court of why you wanted to amend? We included a paragraph at the end asking for leave. Wasn't it just one line in the reply brief? It was your honor. But under rule 15. You want us to examine the district court's discretion and when the district court isn't provided with reasons for the amendment. It seems a little hard for me to see where there's the abuse by the district court. We think under rule 15 your honor that that amendment should have been freely given and it wasn't here. We believe that we could have certainly enhanced allegations to to further plead claims against the individual defendants. So for all these reasons we respect the request that the district court's opinion be reversed or on the alternative reversed and Thank you. Thank you counsel. The case is taken under advisement.